19-2528-cv
John v. Whole Foods Market Group, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand twenty.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

------------------------------------------------------------------

SEAN JOHN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

*Plaintiff-Appellant*,

v.                                         No. 19-2528-cv

WHOLE FOODS MARKET GROUP, INC.,

*Defendant-Appellee.*\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the official caption to conform with the above.

FOR PLAINTIFF-APPELLANT: DOUGLAS G. BLANKINSHIP, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, White Plains, NY.

FOR DEFENDANT-APPELLEE: DAVID E. SELLINGER, Greenberg Traurig, LLP, New York, NY (Gregory J. Casas, Emily W. Collins, Greenberg Traurig, LLP, Austin, TX, Elliot H. Scherker, Greenberg Traurig, P.A., Miami, FL, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Sean John appeals from a judgment of the District Court (Engelmayer, J.) dismissing his suit for lack of standing after Whole Foods Market Group, Inc. ("Whole Foods") moved for summary judgment. John filed this putative class action alleging that Whole Foods' New York stores systematically overcharged customers by overstating the weight of its prepackaged products, in violation of New York law. John's individual claims of injury stem from his alleged

2

purchases of prepackaged chocolate cupcakes and cheeses at two Whole Foods stores in New York City. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the District Court's conclusion that John failed to adduce evidence from which a jury could reasonably conclude that he suffered an injury-in-fact. See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, 868 F.3d 104, 109 (2d Cir. 2017). "In response to a summary judgment motion . . . [a] plaintiff can no longer rest on . . . mere allegations" of injury but instead "must set forth by affidavit or other evidence specific facts . . . which for purposes of the summary judgment motion will be taken to be true." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (quotation marks omitted); see Fed. R. Civ. P. 56(c). Although we "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor," Centro de la Comunidad Hispana de Locust Valley, 868 F.3d at 109 (quotation marks omitted), "the existence of a mere scintilla of evidence in support of [a] nonmovant's position is insufficient to

3

defeat [a summary judgment] motion; there must be evidence on which a jury could reasonably find for the nonmovant," Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004).

John does not claim that he ever weighed any of the packages of chocolate cupcakes and cheeses that he allegedly purchased. Nor did the New York City Department of Consumer Affairs (DCA) investigation of Whole Foods that prompted this lawsuit find any underweight packages of cupcakes or cheese at the two Whole Foods stores where John shopped. Instead, John claims that the cupcakes and cheeses he purchased must have been underweight because Whole Foods used identical practices of weighting across all its New York stores that resulted in systematically underweight prepackaged chocolate cupcakes and cheeses.

Whole Foods does not dispute that "if the evidence enabled a jury reliably to find a unitary practice of falsely weighting [prepackaged chocolate cupcakes and cheeses] at Whole Foods, this evidence would enable [John's] claims of injury . . . to reach a jury." Special App'x 32; see Oral Arg. Recording at 44:11–45:00. We agree with the District Court, however, that John failed to adduce

4

evidence from which a jury could reasonably find such a unitary practice and therefore failed to sufficiently establish injury-in-fact.[1]

1. <u>Chocolate Cupcakes</u>

John argues that there was a systemwide error in Whole Foods' chocolate cupcake recipe or in the method it used to determine the declared minimum weight of chocolate cupcake packages, which led all chocolate cupcake packages at all Whole Foods' New York stores to be underweight.   But John has not adduced evidence from which a jury could reasonably find such an error.

First, John points to the deposition testimony of Peter Ormand, Whole Foods' Executive Coordinator of Operations for the Northeast Region, who testified about the effect of hypothetical errors in the data that Whole Foods stores use to produce and label prepackaged products.   But Ormand did not

---

[1] John's theory of standing both in opposing summary judgment and on appeal was that Whole Foods' unitary practices produced systematically underweight prepackaged chocolate cupcakes and cheeses.   He did not argue that he could establish standing based on a claim that a high percentage of Whole Foods' prepackaged products—or even a high percentage of prepackaged cupcakes and cheeses—were found by the DCA to be underweight.   For that reason, we express no view here on the District Court's alternative conclusion that such statistical evidence is insufficient to establish injury at the summary judgment stage.

testify that there were, in fact, errors in the data relied upon to bake, weigh, or label chocolate cupcakes. His testimony therefore does not support John's allegation of a systemwide error.

Second, John points to the results of the DCA investigation, which found thirty-six underweight cupcake packages across three Whole Foods stores in New York City. John reasons that if these thirty-six cupcake packages were underweight, all other cupcake packages at every other Whole Foods New York store must also have been underweight. In support of this argument, John points to the undisputed evidence that all of the Whole Foods New York stores used uniform recipes and procedures for baking and labeling cupcakes in-store. But there was also uncontradicted evidence that the DCA did not consistently record the number of times that packages satisfied the initial audit phase of the DCA's package control inspection process. Without knowing how many cupcake packages the DCA tested or how many were the correct weight (or even overweight), we conclude that there was not enough evidence on which a jury could reasonably find a systemwide error in Whole Foods' chocolate cupcake recipe or the declared minimum weight for chocolate cupcake packages, as John

6

alleges.

Moreover, John's theory—that Whole Foods' cupcake recipe is incapable of producing properly weighted cupcakes—is undermined by evidence regarding how Whole Foods calculates the declared minimum weight. See App'x 1499 (admitting that "[s]tandardized recipes are used across the region's stores, and declared minimum weights are set based on those recipes"). "The declared minimum weight is determined during the product development process by weighing several batches of cupcakes to determine the declared minimum weight of a single product, which is then used to calculate the net weight of the item for sale." Special App'x 34. John identified no evidence that Whole Foods did not follow these procedures or that there was an error in calculating the declared minimum weight for the chocolate cupcakes he purchased. Accordingly, the declared minimum weight shows that Whole Foods' cupcake recipe is capable of producing properly weighted cupcakes and precludes John from "reliably" establishing "a unitary practice of falsely weighting these products at Whole Foods." Special App'x 32.

7

## 2. Cheeses

John separately argues that all of Whole Foods' prepackaged cheeses were underweight because Whole Foods' "miscellaneous tare" did not adequately account for moisture loss in cheese. In support of this argument, John points to the results of an informal Whole Foods study that appears to reflect measurements of moisture loss in cheeses at weekly intervals from one to four weeks. John claims that the study showed that "after two weeks, all of the tested cheeses" in the study "lost between 3% and 7% of their weight as a result of moisture loss," and that the 7% loss was "more than the maximum allowable variation." Appellant Br. 36. But the record does not show that cheeses remained on the shelf at Whole Foods beyond one week, and John does not substantiate any claim that the Whole Foods miscellaneous tare failed to account for any moisture loss that occurred during the first week.

John also returns to the DCA's investigation to argue that a jury could infer that the miscellaneous tare was insufficient to account for moisture loss in all prepackaged cheeses because the DCA found fifty-five underweight packages of cheese across four of Whole Foods' New York City stores. But, as with

8

cupcakes, the DCA's investigation did not record the number of times cheeses passed the initial audit phase of the inspection process. The evidence related to these fifty-five packages was therefore insufficient to permit a jury to conclude that Whole Foods' miscellaneous tare necessarily failed to account for moisture loss in all prepackaged cheeses. See Powell, 364 F.3d at 84.

Moreover, John does not argue that Whole Foods' cheeses are improperly weighted at the time the cheeses are cut, Oral Arg. Recording at 23:01-24:00, and he has not identified any evidence indicating how long the cheeses he purchased had been sitting on the shelf when he purchased them. Accordingly, there is no evidence on which the jury could reasonably find that the prepackaged cheeses that John purchased had sat out long enough to experience appreciable moisture loss by the time of purchase.

In summary, we agree with the District Court that there was no genuine dispute of fact that would permit a jury reasonably to conclude that Whole Foods' procedures were subject to systematic error such that the chocolate cupcakes and cheese he purchased were underweight. We reject John's arguments in support of standing based on unitary practices of false weighting

9

of both chocolate cupcakes and cheeses.   We therefore conclude that the District Court properly dismissed his suit for lack of standing.

We have considered John's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10